IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Hanh Lacy,**

       **Plaintiff,**

v.                                       Case No. 14-1143-JWL

**Rent a Center; and**
**Furniture Factory Outlet,**

       **Defendants.**

### **MEMORANDUM & ORDER**

Plaintiff Hanh Lacy filed suit against defendants alleging that both entities were her joint employers and that both entities were liable for racial harassment, sexual harassment and retaliation under federal law and for intentional infliction of emotional distress under Kansas common law.  Defendant Rent-A-Center has moved to dismiss or stay the case and to compel arbitration on the grounds that plaintiff's complaint was filed in contravention of the terms of a valid and enforceable mutual agreement to arbitrate claims signed by plaintiff.  Plaintiff does not dispute that her claims against Rent-A-Center are subject to arbitration.

Defendant Furniture Factory Outlet subsequently filed a motion to dismiss or stay the case and to compel arbitration on the grounds that plaintiff's claims against Furniture Factory Outlet are substantially intertwined and closely related to her claims against Rent-A-Center such that arbitration of plaintiff's claims against Furniture Factory Outlet is also appropriate. *See In re Universal Serv. Fund Tel. Billing Practices Lit.*, 300 F. Supp. 2d 1107, 1139 (D. Kan. 2003) (court may compel arbitration when signatory to contract containing arbitration clause alleges

substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract). In response, plaintiff does not oppose proceeding to arbitration on her claims against Factory Furniture Outlet so long as that arbitration is consolidated with the arbitration of her claims against Rent-A-Center in a single arbitration.

Rent-A-Center has not responded to Factory Furniture Outlet's motion to compel arbitration and has not objected to or otherwise opposed a consolidated arbitration.[1] Therefore, the court will grant both motions to compel arbitration as unopposed and, in the absence of any objection by the parties, will direct the parties to proceed to arbitration of plaintiff's claims in a single arbitration.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Rent-A-Center's motion to compel arbitration (doc. 4) is **granted as unopposed** and defendant Factory Furniture Outlet's motion to compel arbitration (doc. 19) is **granted as unopposed**. The parties are directed to proceed to consolidated arbitration of plaintiff's claims. The court will stay the judicial proceedings in this case pending completion of the arbitration process. Counsel for the parties are directed to report to the court in writing no later than Monday, **February 9, 2015** concerning the status of that arbitration in the event that it has not been terminated earlier. Failure to so report will lead to dismissal of this case for lack of prosecution.

---

[1] In her response to Factory Furniture Outlet's motion to compel, plaintiff attaches exhibits indicating that Rent-A-Center opposes consolidated arbitration on the grounds that the arbitration agreement prohibits consolidation. The court cannot find any provision in the arbitration agreement that would prohibit consolidation and, in any event, Rent-A-Center has not lodged an objection to consolidation with the court despite ample opportunity to do so.

**IT IS SO ORDERED.**


Dated this 8th day of August, 2014, at Kansas City, Kansas.


                                       s/ John W. Lungstrum
                                       John W. Lungstrum
                                       United States District Judge